# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

AMAR BANSAL, ET AL. *
*
*
v. * Civil No. – JFM-12-519
*
MONTGOMERY COUNTY MARYLAND, *
SHERIFF'S DEPARTMENT, ET AL.
******

**MEMORANDUM**

Amar Bansal and his wife, Bina Bansal, have instituted this action against Montgomery County, Maryland, Montgomery County Police Officer Thomas Berry, and Montgomery County Deputy Sheriffs Steve Austin, Frank D. Pruitt, and Shane R. Scott. Presently pending before the court are a motion to dismiss or for summary judgment filed by Montgomery County and Officer Berry and a motion for more definite statement filed by Deputy Sheriffs Austin, Pruitt, and Scott. The motion filed by Montgomery County and Officer Berry will be treated as one to dismiss and, as such, will be granted. The motion for more definite statement filed by Deputy Sheriffs Austin, Pruitt, and Scott will be denied but plaintiff will be directed to show cause within 17 days of the date of this memorandum why this action should not be dismissed as to those defendants.

I.

Amar Bansal was arrested on August 31, 2010 by Deputy Sheriffs Austin, Pruitt, and Scott pursuant to an arrest warrant issued by a State Commissioner charging Mr. Bansal with violation of a Peace Order. The Peace Order had been issued preventing Mr. Bansal from having contact with a former business partner, Baljit Kochhar. The dispute between Mr. Bansal and

Kochhar allegedly was the result of Kochhar's failure to pay a promissory note issued in favor of Mr. Bansal to repay a loan in the amount of $150,000. According to Kochhar, Mr. Bansal threatened to kill her and her family.

Officer Berry is named as a defendant because he met with Kochhar and, despite the fact that he had learned that the Peace Order had not been served upon Mr. Bansal, advised Kochhar to contact the Commissioner to apply for charges against Mr. Bansal.

II.

A.

Although, as plaintiffs allege, the events may have unfolded as they did because of Officer Berry's advice to Kochhar that she contact the Commissioner, nothing that he did gives rise to liability under 42 U.S.C. §1983. His alleged unlawful conduct is that he told Kochhar to contact the Commissioner even though he knew at the time that the Peace Order had not been served upon Mr. Bansal.[1] That was not sufficient to give rise to Section 1983 liability. There is no allegation that Officer Berry advised Kochhar to conceal from the Commissioner the fact that the Peace Order had not been served. Indeed, according to the affidavit signed by Kochhar in support of the statement of charges, Mr. Bansal, whether or not he had been formally served with a warrant, was personally aware that the Peace Order had been issued. Moreover, nothing prevented the Commissioner herself from inquiring of the Sheriff's Office as to whether the Peace Order had been served. She signed the warrant on the basis of the affidavit that had been submitted. Finally, Mr. Bansal's alleged threats to kill Kochhar and her family arguably constituted a commission of a crime under Maryland law, whether or not a Peace Order had been

---

[1] Officer Berry has submitted an affidavit stating that he told Kochhar that he had learned that the Peace Order had not been served. If that fact were material, however, plaintiffs would be entitled to ask Kochhar on deposition whether Officer Berry had advised her of that fact.

issued and served. Officer Berry is not a lawyer, and it was not at all unreasonable for him to tell Kochhar to contact the Commissioner who could make an independent judgment as to whether or not an arrest warrant should be issued.

### III.

#### A.

To the extent that plaintiffs' claims against Montgomery County arise from the alleged conduct of Officer Berry, the claims fail for several reasons. First, as just stated, Officer Berry committed no actionable wrong. Second, *respondeat superior* liability does not exist under Section 1983, and plaintiffs have made no credible allegations that Officer Berry's conduct was the result of any policy or practice or lack of training given by the Montgomery County Police Department. Third, Ms. Bansal's claim is barred by the fact that she did not provide notice to the County of her claims as required by Maryland law. *See* Md. Code Ann., Cts. & Jud. Proc. §5-304(b).

#### B.

To the extent that plaintiffs' claims against Montgomery County are based upon the wrongful actions of the Deputy Sheriffs, the claims fail because Deputy Sheriffs are State, not County, officials, at least to the extent that they are performing a law enforcement role (such as arresting a defendant). *See Kronk v. Carroll Cnty.*, No. 11-277, 2012 WL 245059, at *6-7 (D. Md. Jan. 25, 2012); *Rucker v. Harford Cnty.*, 558 A.2d 399, 402 (Md. 1989); *Penhollow v. Board of Comm'rs*, 695 A.2d 1268, 1282 (Md. Ct. Spec. App. 1997).[2]

---

[2] Montgomery County and Officer Berry, and the Deputy Sheriff defendants may also have viable defenses to plaintiffs' state law claims. However, I have not discussed these possible defenses because in light of the dismissal of plaintiff's federal claims, I would not exercise subject matter jurisdiction over the state law claims themselves. *See* 28 U.S.C. 1367.

IV.

The Deputy Sheriff defendants' primary contention in support of their motion for more definite statement is that plaintiffs did not properly comply with Local Rule 103.6.c in filing their amended complaint. I am satisfied that plaintiffs did, to the extent practical, comply with Local Rule 103.6.c and that the amended complaint properly puts defendants on notice of the claims being asserted against them. However, the only allegation against the Deputy Sheriffs appears to be that they arrested Mr. Bansal. They did so pursuant to a warrant, and it seems to me that an arrest based upon a warrant that has been signed by a Commissioner does not give rise to any liability. Therefore, if plaintiffs argue to the contrary, they must file a memorandum within 17 days of the date of this memorandum stating why they believe that they have viable claims against the Deputy Sheriffs. If plaintiffs file such a memorandum, the Deputy Sheriffs may file an opposition within 17 days of the filing of plaintiffs' memorandum.

A separate order effecting the rulings made in this memorandum is being entered herewith.

Date: July 12, 2013                  _/s/_____
                                     J. Frederick Motz
                                     United States District Judge